UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JUSTIN TYLER DAVIS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:18-CV-110 |
| § | |
| KRISTEN ZAMBRANO; aka KRISTEN § | |
| GENTRY, *et al*, § | |
| § | |
| Defendants. § | |

# MEMORANDUM AND RECOMMENDATION

The undersigned is in receipt of Defendant Kristine Gentry's ("Gentry") Motion for Summary Judgment, supplemental filings and reply, Dkt. Nos. 51, 52, 69. The undersigned is also in receipt of Plaintiff Justin Tyler Davis's ("Davis") Opposition to the motion for summary judgment and supplemental filings, Dkt. Nos. 64, 65.

For the reasons discussed below, the undersigned respectfully recommends the Court grant summary judgment on qualified-immunity grounds regarding the cell-search claim and deny summary judgment on all other grounds.

## I. Background

Davis is incarcerated in Amarillo, Texas by the Texas Department of Criminal Justice ("TDCJ") after being convicted of possession of child pornography and unlawful restraint of a child, among other charges. Davis's claims concern medical deliberate indifference by prison officials and deliberate indifference stemming from a cell search. Dkt. Nos. 1, 40.

Davis filed his original complaint on April 23, 2018 against Sergeant Gentry[1], Assistant Warden Kenneth Putnam, Assistant Warden Corey Furr, TDCJ Assistant Regional Direct Patricia Chapa and TDCJ Executive Director Bryan Collier for

---
[1] nee Zambrano

declaratory, injunctive and monetary relief. Dkt. No. 1. Following a *Spears* hearing on May 30, 2018, Davis's claims against Gentry in her individual capacity were retained and all other claims were dismissed. Dkt. No. 41. Davis filed an amended complaint on May 7, 2019. Dkt. No. 40. Gentry moved for summary judgment on February 20, 2020, Dkt. Nos. 51, 52. Davis responded on April 8, 2020. Dkt. Nos. 64, 65. The summary judgment motion has been fully briefed with briefs, exhibits and declarations filed by the Parties. Dkt. Nos. 51, 52, 64, 65, 69.

## II. Complaint

Davis's complaint concerns an incident on October 6, 2016 where he alleges Gentry was deliberately indifferent to his medical restrictions and use of cane causing him to fall, and an allegation that Gentry's actions on October 6, 2016 led to Davis's convictions being revealed and to a riot targeting Davis on November 26, 2016. Dkt. No. 40.

His allegations state as follows. On August 3, 2016, inmates beat and stabbed Davis eighteen times. Davis was treated in a hospital and issued a walking cane by prison medical staff. Dkt. No. 40 at 4. On October 6, 2016 Davis was being transported to the showers and Gentry ordered Davis handcuffed behind his back, despite his protest that he needed his cane to walk and had a medical restriction. *Id.* Davis attempted to comply and fell to the floor, and Davis alleges Gentry ordered officers to roll Davis over on the ground into an unnatural position causing him additional pain. *Id.* Davis was treated by prison medical staff. *Id.* Davis alleges Gentry purposefully ignored his medical condition, causing his fall, and she was deliberately indifferent in violation of the Eighth Amendment. *Id.*

Additionally, Davis alleges after he was taken to receive medical attention on October 6, 2016, Gentry ordered officers to tear up his cell. *Id.* at 6. Davis alleges this exposed his legal papers and informed the other inmates of Davis's sex-related convictions. *Id.* at 5. Davis alleges Gentry placed him in segregation after his fall and destroyed his personal effects. *Id.* at 6. Davis alleges the news of Davis's offenses spread and led to an assault against him and a riot on November 26, 2016. *Id.* at 5. Davis claims

Gentry's actions in tearing up his cell and spreading news of his convictions also amount to deliberate indifference. *Id.*

### III. Summary Judgment Evidence

Gentry's summary judgment evidence includes the following exhibits A: Affidavit of Gentry, Dkt. No. 52-1; B: Affidavit of Officer Norberto Saenz ("Saenz"), Dkt. No. 52-2; C: Affidavit of Warden Philip Sifuentes ("Sifuentes"), Dkt. No. 52-3; D: Relevant Grievance Records of Davis, Dkt. No. 51-1; E: Relevant Use of Force documents from the November 26, 2016 riot at the McConnell Unit Dkt. No. 51-2; F: Relevant medical records of Davis, Dkt. No. 51-3; G: Relevant Emergency Action Center records of Davis, Dkt. No. 52-4. Summary judgment evidence from Davis includes his declaration, medical records, TDCJ policies, use-of-force records, disciplinary records. Dkt. No. 65.

#### a. Undisputed Summary Judgment Evidence

These facts are undisputed in the record:

- Davis was assaulted by inmates on August 3, 2016 at the Telford Unit in New Boston, Texas. Dkt. Nos. 52-4 at 5; 65-1 at 6.

- The Injury Treatment Report documents the August 3, 2016 stabbing injuries as serious. Dkt. No. 65-1.

- Correctional Managed Care issued Davis a cane pass on September 14, 2016 for a period of six weeks. Dkt. No. 65-1 at 9, 11.

- Davis was transferred from the Telford Unit to the McConnell Unit in Beeville, Texas on September 28, 2016. Dkt. No. 65-1 at 11.

- On October 6, 2016, Saenz was assigned to transport Davis to the showers. Dkt. No. 52-2 at 2. Saenz ordered Davis to submit to rear restraints and Davis refused and insisted on using his cane. Dkt. Nos. 52-2 at 3; 65 at 4.

- Gentry was called to assist. Gentry told Davis front restraints were not possible and ordered rear restraint. Dkt. No. 52-2 at 4. Gentry informed Davis he would be supported while walking to the shower. Dkt. No. 52-1 at 5.

- Davis fell. Dkt. No. 52-1 at 5.

- Davis was taken to Correctional Managed Care. Dkt. No. 52-1 at 5.

- On October 6, 2016, Correctional Managed Care issued Davis cane pass as well as handcuff and bunk restrictions and he was prescribed ibuprofen. Dkt. No. 51-1 at 43.

- On return to Davis's shared cell Gentry heard threats against Davis and initiated an "Offender Protection Investigation" and placed Davis in a different cell. Dkt. No. 52-1 at 5.

- Gentry issued a "disciplinary" against Davis for "creating a disturbance" on October 6, 2016. Dkt. No. 52-1 at 5.

- Davis's shared cell was inventoried by Gentry and another officer and some of his materials were destroyed. Dkt. Nos. 51-1 at 69; 65-1 at 40, 62-63.

- Davis filed the Step 1 Grievance on October 17, 2016 and the Step 2 Grievance on January 26, 2017. Dkt. No. 51-1 at 64-67.

- An internal investigation was conducted into the grievance. Dkt. No. 51-1 at 70.
- The internal investigation concluded protocol was not followed in the inventory of Davis's cell. Dkt. No. 51-1 at 62, 88.

- Davis was injured in riot on November 26, 2016. Dkt. Nos. 51-3 at 10; 65-1 at 67.

- Correctional Managed Care issued Davis medical restrictions on January 31, 2017 (handcuff and lower bunk pass). Dkt. No. 51-1 at 45; 65-1 at 6-9, 40, 74.

**IV. Arguments**

Gentry's motion for summary judgment argues she is entitled to qualified immunity as to both of Davis's claims. Dkt. No. 51. Gentry also argues the summary judgment evidence demonstrates she acted with care in attempting to escort Davis to the showers and that Davis exaggerated his medical condition. *Id.* at 14. Gentry argues the evidence shows Davis suffered only a de minimis injury, insufficient to sustain a deliberate indifference claim. *Id.* at 9. She argues the evidence is undisputed that Davis failed to exhaust his claim about Gentry's search of Davis's cell and the November 26, 2016 riot. Dkt. No. 51 at 11. *Id.* at 17. Gentry further argues there is no competent summary judgment evidence of deliberate indifference regarding the cell search and there was no connection between Gentry's actions on October 6, 2016 and the November 26, 2016 riot. Dkt. No. 51 at 16. Davis argues fact issues remain regarding all of his claims.

4 / 12

Dkt. No. 65. Davis argues Gentry deliberately disregarded his medical need and targeted him with a cell search because of his convictions. *Id.*

V. **Legal Standard**

a. **Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate when the Court concludes "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to materiality, "the substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Only disputes about facts that "might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* When considering a motion for summary judgment "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. In making this inquiry, the Court considers the record and other documents that could be admissible as evidence under Federal Rule of Civil Procedure 56(c). This includes a verified complaint and sworn hearing testimony. *Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003). "Evidence inadmissible at trial cannot be used to avoid summary judgment." *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992).

The Court must view all evidence in the light most favorable to the non-moving party. *Piazza's Seafood World, LLC v. Odom,* 448 F.3d 744, 752 (5th Cir. 2006). Factual controversies must be resolved in favor of the non-movant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "When assessing whether a dispute to any material fact exists, [courts] consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008). "Once the moving party has initially shown 'that there is an absence of

evidence to support the non-moving party's cause,' the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

### b. Exhaustion

Exhaustion is mandatory under the Prison Litigation Reform Act ("PLRA") and unexhausted claims cannot be brought in court. *Jones v. Bock*, 549 U.S. 199, 211 (2007). In Texas, that means a person must exhaust the state's two-step prison grievance procedure before filing in federal court. *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015). Failure to exhaust is an affirmative defense. *Jones*, 549 U.S. at 216. If some claims are exhausted while others are not, a court may consider the exhausted claims. *Id.* at 220.

### c. Qualified Immunity

Government officials performing discretionary functions are entitled to qualified immunity from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The qualified immunity determination requires a two-step analysis, including: (1) whether the plaintiff has stated a violation of constitutional rights; and (2) the objective reasonableness of the official's conduct. *Salas v. Carpenter*, 980 F.2d 305-06 (5th Cir. 1992). Objective reasonableness is assessed by determining whether the right was clearly established at the time the conduct occurred. *Id.* "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of pre-existing law the unlawfulness must be apparent." *Id.* at 310. A right is clearly established when it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015).

When a defendant invokes qualified immunity, it is the plaintiff's burden to satisfy a two-prong test that the defendant violated a constitutional right and that the defendant's actions were objectively unreasonable in light of clearly established law. *Delaughter v. Woodall*, 909 F.3d 130, 137 (5th Cir. 2018). When there are disputed factual issues regarding qualified immunity, summary judgment on qualified immunity is improper. *Feagley v. Waddill*, 868 F.2d 1437, 1441 (5th Cir. 1989).

The Fifth Circuit and the Supreme Court have determined it is clearly established that it is unreasonable to act in indifference to a serious medical need, "one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006) (finding a clearly established right to be free from indifference to a serious medical need in a case involving an inmate's sunlight sensitivity); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976) (determining it can be deliberate indifference to intentionally interfere with treatment once it is prescribed); *see Mendoza v. Lynaugh*, 989 F.2d 191, 194 (5th Cir. 1993).

### d. Deliberate Indifference

A prison official's deliberate indifference to a serious risk of harm can violate the Eighth Amendment's protection against cruel and unusual punishments . *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Deliberate indifference requires "more than ordinary lack of due care for the prisoner's interests or safety" but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. Deliberate disregard of medical conditions and restrictions is a well-established type of deliberate indifference. *See Estelle*, 429 U.S. at 105. "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* The facts underlying a claim of medical deliberate indifference must "clearly evince the medical need in question and the alleged official dereliction." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). The deliberate indifference must rest on facts demonstrating

"wanton" actions, meaning those that are "without regard to the rights of others." *Id.* "[A] prison official is not liable 'unless the official knows of and disregards an excessive risk to inmate health or safety.' *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Deliberate indifference is a high standard to meet and requires more than showing a failure to alleviate a significant risk the official should have perceived but did not. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Under the PLRA, "[n]o federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 28 U.S.C. § 1997e(e). The Fifth Circuit has held that a "physical injury" must be more than de minimis but need not be significant. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

VI.  **Analysis**

   a. **Exhaustion**

Gentry seeks dismissal of Davis's cell-search deliberate indifference claim on exhaustion grounds. Dkt. No. 51 at 11-12. Gentry contends that because Davis's grievance made no mention of the November 26, 2016 riot, he did not exhaust his grievance related to the riot. *Id.*

The grievance against Gentry regard her conduct on October 6, 2016 when Davis alleges she ordered officers tear up his cell and caused the disclosure of his conviction, putting him at risk of harm. Dkt. Nos. 64 at 8. This October 6, 2016 conduct was described in Davis's Step 1 and Step 2 grievances and therefore appropriately exhausted. *See* Dkt. No. 65-1 at 19; *Cantwell*, 788 F.3d at 509. Suffering additional harm from the complained of conduct does not invalidate the exhaustion of his grievance. *See id.*; *Johnson v. Johnson*, 385 F.3d 503, 519 (5th Cir. 2004). Accordingly, Gentry has not demonstrated that she is entitled to judgment as a matter of law regarding exhaustion and the undersigned recommends denying summary judgment on this ground. *See* Fed. R. Civ. P. 56.

### b. Qualified Immunity
#### i. Medical Deliberate Indifference

Gentry contends she is entitled to qualified immunity and Davis has not met his burden to demonstrate a fact issue as to whether Gentry infringed on his rights in violation of clearly established law. Dkt. No. 51 at 8.

As stated above, material facts for a medical deliberate indifference claim are those which 1) clearly evince the medical need in question 2) demonstrate the alleged official dereliction. *Johnson*, 759 F.2d at 1238.

In his affidavit, Saenz stated Davis was not cooperative and that he refused to be transported to the showers without the use of his cane. Dkt. No. 52-2 at 3. In disputing Davis's claim that he fell, Saenz described Davis as lowering himself to the ground "so as not to cause himself injury." *Id.* In her affidavit, Gentry stated she assured Davis the officers transporting him to the shower would support him. Dkt. No. 52-2 at 3. Gentry stated Davis did not produce documentation of his medical restriction and that he "pitched himself backwards and fell to the ground." Dkt. No. 52-1 at 3-4.

Davis declared that he advised officers of his medical condition and his inability to walk without the cane which was in his possession, and that he was forced to walk without a cane and fell. Dkt. No. 65. The Injury Treatment Report from Davis's treating physician document the August 3, 2016 stabbing injuries were serious. Dkt. No. 65-1. The competent summary judgment evidence further documents Davis was issued a six-week cane pass on September 14, 2016. Dkt. No. 65-1 at 8.

The undisputed summary judgment evidence demonstrates Davis's injuries have required repeated issuance of medical restrictions including a bottom bunk pass, cane pass and a handcuff pass. Dkt. No. 51-3 at 17. Gentry's motion for summary judgment includes an affidavit regarding policy for issuance of medical passes, but both parties have offered internal investigation documents that demonstrate officials were uncertain about the form in which Davis's medical passes were issued and whether they were transferred with Davis when he moved units. Dkt. Nos. 51-1 at 54; 53-3 at 3; 65-1 at 11.

Regarding the allegedly wanton nature of Gentry's conduct, Davis has offered evidence from internal prison documents showing that after his fall, Gentry and another officer went to Davis's cell, inventoried his property and threw some of it away. Dkt. No. 51-1 at 69-71, 91. The investigation into this incident revealed procedures were not followed in the destruction of Davis's property and a settlement was offered to Davis in compensation. Dkt. No. 51-1 at 88.

In regard to the material fact of serious medical need, Gentry cited to competent evidence indicating Davis's medical restrictions may not have been in place and Davis has rebutted this with competent evidence indicating his restrictions were in place and his medical need was serious. Therefore, the undersigned concludes there is a genuine dispute over the material fact of the medical need in question. See *Johnson*, 759 F.2d at 1238.

In regard to the material fact of official dereliction, Gentry has put forward evidence which indicate her acts in transporting Davis may not have violated a duty of care or at most were negligent, while Davis has offered competent evidence indicating a wanton violation, evidenced by a knowing disregard for his safety and the destruction of his property. Therefore, the undersigned concludes there is a genuine dispute over the material fact of official dereliction. *See id.*; *Stewart*, 174 F.3d 534; *Domino*, 239 F.3d at 756.

The undersigned concludes the evidence demonstrates a genuine dispute over material facts regarding whether Gentry acted with deliberate indifference by ignoring Davis's medical condition which caused him to fall on October 6, 2016. *See id.*

Regarding the second qualified immunity element, it is clearly established by the Supreme Court and in the Fifth Circuit that deliberate indifference to a serious medical condition violates the law. *Gobert*, 463 F.3d at 345 (finding a clearly established right to be free from indifference to a serious medical need in a case involving an inmate's sunlight sensitivity); *Estelle*, 429 U.S. at 105 (determining it can be deliberate indifference to intentionally interfere with treatment once it is prescribed). The undersigned concludes a reasonable officer would understand they are violating a right

when deliberately disregarding a serious medical condition. *See Mullenix*, 136 S. Ct. at 308; *Gobert*, 463 F.3d at 345.

Accordingly, the undersigned concludes Davis has met his two-step evidentiary burden to overcome the qualified immunity defense regarding deliberate indifference to Davis's serious medical need. *See id.* The undersigned concludes there is a genuine dispute of a material fact regarding qualified immunity and the undersigned recommends denying summary judgment on this ground. *See Feagley*, 868 F.2d at 1441; *Salas*, 980 F.2d at 306; Fed. R. Civ. P. 54.

### ii. Cell Search

Gentry also moves for qualified immunity against Davis's other claim of cell-search deliberate indifference and disclosure of his convictions. Dkt. No. 51.

Davis has not produced facts which identify a potential constitutional violation by Gentry. *See* Dkt. Nos. 64, 65. Although Davis gestures toward deliberate indifference, Davis does not provide any competent evidence which shows a deliberate indifference to serious risk of harm caused by Gentry allegedly ordering Davis's cell torn up. *See id.* Davis's allegations are based on speculation of Gentry's intent and no competent evidence is provided which directly connects Gentry's alleged actions to a significant risk of harm to Davis or the later harm from the riot. *See* Dkt. No. 65. There is no summary judgment evidence that Gentry inventoried his legal documents or published those documents. Dkt. No. 65. The summary judgment evidence is undisputed that Davis was being threatened and attacked by other inmates before the inventory of his property took place. Dkt. No. 52-1 at 5-6. The undersigned concludes Davis has not stated a violation of constitutional rights. *See Salas*, 980 F.2d at 305. Davis also does not identify a case which clearly establishes the proposition that disclosure of an inmate's criminal conviction violates a person's rights. The undersigned concludes a reasonable official would not have understood she was violating a right by disclosing a conviction. *See id.*; *Mullenix*, 136 S. Ct. at 308. Therefore, the undersigned concludes Davis has not met his burden to overcome qualified immunity regarding his claim of deliberate indifference in Gentry's cell search. *See id.* The undersigned concludes there is no genuine dispute of

material fact regarding Gentry's qualified immunity to Davis's cell-search claim and recommends denying summary judgment on this ground. *See* Fed. R. Civ. P. 56.

### c. Medical Deliberate Indifference

#### i. De Minimis Injury

Gentry moves for summary judgment on Davis' deliberate indifference claim because she argues the uncontroverted evidence shows Davis sustained at most a de minimis injury. Dkt. No. 51 at 10, 14.

The facts in the record indicate he was prescribed medicine and issued month-long medical restrictions after his fall on October 6, 2016. *See* Dkt. No. 51-1 at 43. Davis also offered a declaration indicating the pain was extensive. Dkt. No. 65 at 5. Therefore, there is competent evidence in the record that Davis sustained more than a de minimis injury. *See Siglar*, 112 F.3d 191. The undersigned concludes there is a genuine dispute of the material fact regarding the extent of Davis's injuries from the fall. *See id.* Accordingly, the undersigned concludes there is a genuine dispute of material facts regarding Davis's medical deliberate indifference claim and the undersigned recommends denying summary judgment on this ground. *See* Fed. R. Civ. P. 56; *Estelle*, 429 U.S. at 105.

## VII. Conclusion

For the aforementioned reasons the undersigned recommends granting in part and denying in part Gentry's motion for summary judgment. Dkt. No. 51. Specifically, the undersigned recommends:

- Granting summary judgment as to Davis's cell search claim
- Denying summary judgment for lack of exhaustion
- Denying summary judgment as to Davis's medical deliberate indifference claim

Respectfully submitted this 8th day of September, 2020.

_____
Julie K. Hampton
United States Magistrate Judge