Case 2:18-cv-00110 Document 87 Filed on 02/11/21 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
February 11, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUSTIN TYLER DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:18-CV-110 |
| | § | |
| KRISTEN ZAMBRANO; aka KRISTEN GENTRY, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

The Court is in receipt of the Magistrate Judge's Memorandum and Recommendation ("M&R"). Dkt. Nos. 77, 78. The Court is also in receipt of Defendant Kristen Gentry's[1] ("Gentry") Objections to the M&R, Dkt. No. 79, and Plaintiff Justin Davis's ("Davis") Objections to the M&R, Dkt. No. 80.

Davis's complaint concerns his need for a cane and other medical restrictions which he claims were ignored by deliberately indifferent prison officials. Dkt. No. 40. Davis also claims he was unjustly targeted for a destructive cell search. *Id.* In the M&R, the Magistrate Judge recommends granting summary judgment as to Davis's cell search claim; denying summary judgment for lack of exhaustion; denying summary judgment as to Davis's medical deliberate indifference claim. Dkt. No. 77.

Gentry objects on the grounds that 1) Davis's alleged injury was de minimis and therefore insufficient to sustain a deliberate indifference claim, 2) That Davis's claims relating to the November 26 riot were unexhausted even if Gentry is entitled to qualified immunity and 3) The Court defined deliberate indifference at too high a level of generality for the facts of this case. Dkt. No. 79.

---

[1] nee Zambrano

The Court reviews objected-to portions of a Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1). But if the objections are frivolous, conclusive or general in nature the court need not conduct a de novo review. *Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987).

Gentry's first objection is repetitive of her summary judgment argument. The Magistrate Judge already considered this argument and properly determined it would require weighing the factual evidence to determine whether Davis's injury was de minimis, which courts must not do when resolving motions for summary judgment. *See Orthopedic & Sports Injury Clinic v. Wang Labs., Inc.*, 922 F.2d 220, 223 (5th Cir. 1991). The Magistrate Judge also already considered Gentry's objection regarding exhaustion and held that Davis's complaint regarded the November 26, 2016 riot as a harm from the cell search and therefore not an additional grievance for which he would require exhaustion. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

Moreover, the Magistrate Judge concluded that Gentry was entitled to qualified immunity regarding the cell search and November 26, 2016 riot. Dkt No. 77. Finally, the Magistrate Judge also fairly considered Gentry's argument regarding the level of generality for deliberate indifference and came to the correct conclusion that causing someone to fall by intentionally disregarding their need for a cane to walk would violate a clearly established right. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Accordingly, the Court **OVERRULES** Gentry's objections.

Davis objects on the grounds that 1) qualified immunity should be decided by a jury and 2) his requests for discovery were either refused or denied. Dkt. Nos. 75, 80. The Magistrate Judge properly concluded that there was no genuine dispute of material fact regarding qualified immunity for the cell search and the issues does not require submission to a jury. Additionally, Davis's second objection is frivolous as the time has passed to raise such a discovery dispute. Accordingly, the Court **OVERRULES** Davis's objections.

After reviewing the briefing, law, and record the Court **ADOPTS** the M&R in its entirety. Dkt. No. 77, 78. The Court hereby:

- **GRANTS** Summary Judgment as to Davis's cell search claim
- **DENIES** Summary Judgment for lack of exhaustion
- **DENIES** Summary Judgment regarding Davis's medical deliberate indifference claim

SIGNED this 11th day of February, 2021.

Hilda Tagle
Senior United States District Judge