Case 2:18-cv-00110   Document 98   Filed on 04/16/21 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
April 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUSTIN TYLER DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-00110 |
| | § | |
| KRISTEN ZAMBRANO, *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
# TO GRANT MOTION TO STAY AND TO DENY MOTION TO
# CERTIFY DEFENDANT'S INTERLOCUTORY APPEAL AS FRIVOLOUS

Plaintiff Justin Tyler Davis, a Texas inmate proceeding *in forma pauperis*, has filed this prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently housed at the Clements Unit in Amarillo, Texas. His allegations arise in connection with his previous housing assignment to the McConnell Unit in Beeville, Texas. Pending before the Court are a Motion to Stay filed by Defendant Lt. Kristine Gentry[1] (Gentry) (D.E. 91) and Davis's Motion to Certify Gentry's Interlocutory Appeal as Frivolous. (D.E. 96). For the reasons set forth below, the undersigned recommends that Gentry's Motion to Stay be granted and that Davis's Motion to Certify be denied.

## I.   BACKGROUND

---

[1] Since the complaint was filed, Defendant Zambrano's last name has changed to "Gentry."

Davis filed his original complaint on April 23, 2018 against Gentry, Assistant Warden Kenneth Putnam, Assistant Warden Corey Furr, TDCJ Assistant Regional Direct Patricia Chapa, and TDCJ Executive Director Bryan Collier. (D.E. 1). Plaintiff sought declaratory, injunctive, and monetary relief. Following a *Spears* hearing on May 30, 2018, Davis's claims against Gentry in her individual capacity were retained and all other claims were dismissed. (D.E. 41). Davis filed an amended complaint on May 7, 2019. (D.E. 40).

Davis's claims in this action concern: (1) an incident on October 6, 2016, where he alleges Gentry was deliberately indifferent to his medical restrictions and use of cane causing him to fall; and (2) an allegation that Gentry's actions on October 6, 2016 led to Davis's convictions being revealed and to a riot targeting Davis on November 26, 2016. (D.E. 40). Gentry moved for summary judgment on February 20, 2020. (D.E. 51).

In a Memorandum and Recommendation issued on September 8, 2020 (M&R), the undersigned recommended granting summary judgment as to Davis's cell search claim, denying summary judgment for lack of exhaustion, and denying summary judgment as to Davis's medical deliberate indifference claim in light of "a genuine dispute of a material fact regarding qualified immunity." (D.E. 77). With regard to the medical deliberate indifference claim, the undersigned concluded that a genuine factual dispute existed over material facts concerning whether Davis's medical restrictions and cane pass were in place at the time Davis fell on October 6, 2016. (D.E. 77, p. 10).

Gentry argued as part of her objections to the M&R that factual matters as to Davis having a cane and a cane pass at the time of the October 6, 2016 incident were not material

fact issues regarding whether Davis could establish a deliberate indifference claim. (D.E. 79, pp. 7-9). Gentry further argued that the M&R erroneously defined the "clearly established law" prong for denying Gentry qualified immunity on the medical indifference claim at the highest level of generality. (D.E. 79, pp. 9-13). Senior District Judge Hilda G. Tagle overruled these objections, concluding that the undersigned "fairly considered Gentry's argument regarding the level of generality for deliberate indifference and came to the correct conclusion that causing someone to fall by intentionally disregarding their need for a cane to walk would violate a clearly established right." (D.E. 87, p. 2). After overruling all objections lodged by Gentry and Davis, Judge Tagle adopted the M&R. (D.E. 87).

On March 12, 2021, Gentry filed a Notice of Interlocutory Appeal, seeking to appeal the denial of her entitlement to qualified immunity as to the medical deliberate indifference claim. (D.E. 89). Gentry moves the Court to stay this case pending a resolution of her interlocutory appeal before the Fifth Circuit Court of Appeals. (D.E. 91).

At a status conference conducted on March 17, 2021, the undersigned directed the parties to file additional briefing on the issues presented in Gentry's Motion to Stay. On March 23, 2021, Gentry filed a supplemental brief. (D.E. 92). On April 9, 2021, Davis filed his response to the Motion to Stay as well as a Motion to Certify Gentry's Interlocutory Appeal as frivolous. (D.E. 95). Gentry subsequently filed a response to Davis's Motion to Certify. (D.E. 96).

## II.   DISCUSSION

"[O]rders denying qualified immunity are immediately appealable only if they are predicated on conclusions of law, and not if a genuine issue of material fact precludes summary judgment on the question of qualified immunity." *Naylor v. State of Louisiana Dep't of Corrections*, 123 F.3d 855, 857 (5th Cir. 1997) (per curiam). *See also Melton v. Phillips*, 875 F.3d 256, 261 (5th Cir. 2017) (en banc) ("The denial of a motion for summary judgment based on qualified immunity is immediately appealable under the collateral order doctrine to the extent that it turns on an issue of law"). The Fifth Circuit has held that, while it lacks "jurisdiction to review the *genuineness* of a fact issue," it has "jurisdiction insofar as the interlocutory appeal challenges the *materiality* of [the] factual issues." *Allen v. Cisneros*, 815 F.3d 239, 244 (5th Cir. 2016).

A district court, traditionally, is divested of its jurisdiction to proceed in the immunity context against the defendant filing the interlocutory appeal. *Carty v. Rodriguez*, 211 F. App'x 292, 293 (5th Cir. 2006); *Williams v. Brooks*, 996 F.2d 728, 730 n.2 (5th Cir. 1993). "Although courts are[,] as a general matter, divested of jurisdiction while an interlocutory appeal of immunity is pending, such divestment is neither automatic nor absolute." *Salcido as Next Friend of K.L. v. Harris County, Texas*, No. H-15-2155, 2018 WL 6618407, at *11 (S.D. Tex. Dec. 18, 2018) (citing *BancPass, Inc. v. Highway Toll Administration, L.C.C.*, 863 F.3d 391 (5th Cir. 2017)).

The Fifth Circuit in *BancPass* recognized that a district court may certify to the circuit court that an interlocutory appeal of an immunity denial is frivolous and, thus, maintain jurisdiction over the case while the appeal is pending. *BancPass*, 863 F.3d at

398-400. "In other words, a district court must provide written certification and make an express finding of frivolousness in the immunity context in order for a court to not be deprived of jurisdiction." *Salcido*, 2018 WL 6618407, at *11. The Fifth Circuit cautioned, however, that "this rule is a permissive one: the district court may keep jurisdiction, but is not required to do so." *BancPass*, 863 F.3d at 400.

In support of her Motion to Stay, Gentry contends that she "is appealing only this Court's orders that turn on issues of law." (D.E. 92, p. 2). First, Gentry states that she will argue on appeal that the existence of a cane pass by Plaintiff is immaterial to the deliberate indifference analysis. (D.E. 92, p. 2). According to Gentry, "this argument as to the materiality of the facts this Court found in dispute is a well-established permissible argument on appeal." (D.E. 92, p. 2). Second, Gentry seeks to appeal a question of law regarding the Court's decision as to the second prong of the qualified immunity analysis -- whether Gentry violated clearly established law as a result of her conduct in intentionally disregarding Plaintiff's need for a cane. (D.E. 92, p. 2).

Davis responds by moving the Court to certify Gentry's interlocutory appeal as frivolous so that the Court can maintain jurisdiction over the case while the appeal is pending. (D.E. 95, pp. 1-4). Davis contends that Gentry's grounds for appeal are not based on conclusions of law, but rather challenge findings regarding genuine issues of material fact. (D.E. 95, pp. 2-4).

In order to conclude that Gentry's appeal is frivolous, the Court is required to conclude that a "disposition is so plainly correct that nothing can be said on the other side."

*BancPass*, 863 F.3d at 399 (internal quotations and citation omitted). Thus, an appeal is frivolous only when "[t]here can be no doubt, absolutely no doubt, that [a particular argument] was totally devoid of merit." *United States v. Dunbar*, 611 F.2d 985, 987 (5th Cir. 1980). *See also Fields v. Lackey*, No. 4:16-CV-607, 2018 WL 3018869, at *7 (E.D. Tex. June 18, 2018) ("An appeal is taken in good faith if it presents an arguable issue on the merits or factual basis for the claim and therefore is not frivolous").

In this case, the undersigned finds that Gentry seeks to raise on appeal issues arguable on the merits which are potentially predicated on questions of law. *See Cole v. Carson*, 935 F.3d 444, 452 (5th Cir. 2019) (holding that the Fifth Circuit has jurisdiction "to examin[e] the materiality of factual disputes the district court determined were genuine"); *Kinney v. Weaver*, 367 F.3d 337, 347 (5th Cir. 2004) (explaining that the Fifth Circuit has jurisdiction to determine "the purely legal question whether a given course of conduct would be objectively unreasonable in light of clearly established law"). While the Fifth Circuit may ultimately rule adversely to Gentry on appeal, the undersigned cannot conclude that there is absolutely no doubt at this time the issues identified by Gentry are totally devoid of any merit.

## III.   CONCLUSION

Because Gentry's interlocutory appeal should not be certified as frivolous, this case should be stayed pending the outcome of the interlocutory appeal as the Court is divested of its jurisdiction to proceed against Gentry. Accordingly, it is respectfully recommended that Gentry's Motion to Stay (D.E. 91) pending resolution of the interlocutory appeal be

**GRANTED** and that Davis's Motion to Certify Gentry's Interlocutory Appeal as Frivolous (D.E. 95) be **DENIED**.

Respectfully submitted on April 16, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).